

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM H. COSBY, JR.,

               Plaintiff,

    v.

AMERICAN MEDIA, INC., DOLORES M.
TROIANI, BEBE KIVITZ,  ANDREA
CONSTAND, and GIANNA CONSTAND,

Defendants.

Civil Action

No. _____

**FILED UNDER SEAL**

**JURY TRIAL DEMANDED**

<u>**COMPLAINT**</u>



FILED
FEB - 1 2016
MICHAEL E. KUNZ, Clerk
By_____ Dep Clerk

5 ðúšš
2|2|16

Plaintiff William H. Cosby, Jr. ("Mr. Cosby"), by and through his attorneys, brings this action against Defendants American Media, Inc., Dolores M. Troiani, Bebe Kivitz, Andrea Constand, and Gianna Constand (collectively, "Defendants"), to enforce a binding, written Settlement Agreement entered into in 2006 among Mr. Cosby and each Defendant, and to recover damages for Defendants' repeated and knowing breaches thereof.

## PRELIMINARY STATEMENT

1.     "Voluntary settlement of civil controversies is in high judicial favor" and "such agreements are specifically enforceable and broadly interpreted." Pennwalt Corp. v. Plough, Inc., 676 F.2d 77, 80 (3d Cir. 1982).

2.     In 2005, defendant Andrea Constand sued Mr. Cosby in Constand v. Cosby, Civ. A. No. 2:05-cv-1099 (E.D. Pa.), and in 2006, defendant Andrea Constand separately sued Mr. Martin Singer and defendant American Media in Constand v. Singer et al., Civ. A. No. 2:06-cv-00483 (E.D. Pa.) (collectively, the "Underlying Litigations").

3.     In October 2006, all parties to the Underlying Litigations settled the cases fully and completely in a Confidential Settlement Agreement (the "2006 Confidential Settlement Agreement" or the "Confidential Settlement Agreement"). Among other things, the 2006 Confidential Settlement Agreement contained mutual agreements to keep certain categories of information strictly confidential, including the agreement itself, and provided that these confidentiality agreements were an essential element of the 2006 Confidential Settlement Agreement.

4.     Despite the strong and unambiguous provisions in the Confidential Settlement Agreement, Defendants repeatedly disclosed information that they promised to keep secret. Andrea and Gianna Constand, both citizens of Canada who are outside the jurisdictional reach of the Montgomery County, Pennsylvania, District Attorney, voluntarily participated in a 2015 re-

1

investigation of Andrea Constand's allegations against Mr. Cosby. Both Andrea and Gianna Constand voluntarily sat for interviews with the District Attorney, even though they were under no legal obligation to do so and the terms of the Confidential Settlement Agreement expressly prohibited such conduct. Their attorney, Dolores Troiani, voluntarily cooperated with the investigation and turned over her case files from the Underlying Litigations to the District Attorney, directly violating the express terms of the Confidential Settlement Agreement. Defendant American Media, Inc., has published and continues to publish stories regarding allegations against Mr. Cosby made by Andrea Constand and other individuals despite its clear contractual obligations to not publish any stories relating to certain allegations against Mr. Cosby.

5.     Defendants are blatantly violating their confidentiality obligations under the 2006 Confidential Settlement Agreement, including by intentionally disclosing information they promised to keep confidential as consideration for the settlement. Defendants should be enjoined from further violations. Defendants and each of them should also be liable for damages caused by their prior breaches. Moreover, if and to the extent confidentiality provisions of the 2006 Confidential Settlement Agreement are, for any reason, not specifically enforced as sought herein, Defendants and each of them should be liable for unjust enrichment, including but not limited to return of consideration paid under the 2006 Confidential Settlement Agreement.

## PARTIES

6.     Plaintiff William H. Cosby, Jr. is an internationally known American comedian, actor, and philanthropist. Mr. Cosby resides in and is a citizen of Massachusetts.

7.     Defendant American Media, Inc. ("American Media") is a Delaware corporation headquartered in Boca Raton, Florida. American Media is the publisher of the *National Enquirer.*

2

8.      Defendant Dolores Troiani is an individual and, on information and belief, a citizen of the Commonwealth of Pennsylvania.  Troiani was at all relevant times an attorney of record for Andrea Constand in the Underlying Litigations.  Troiani acted as Constand's attorney-of-record when the 2006 Confidential Settlement Agreement was executed, and Troiani was a signatory and party to the 2006 Confidential Settlement Agreement.

9.      Defendant Bebe Kivitz is an individual and, on information and belief, a citizen of the Commonwealth of Pennsylvania.  Kivitz was at all relevant times an attorney of record for Andrea Constand in the Underlying Litigations.  Kivitz acted as Constand's attorney-of-record when the 2006 Confidential Settlement Agreement was executed, and Kivitz was a signatory and party to the 2006 Confidential Settlement Agreement.

10.      Defendant Andrea Constand is an individual and, on information and belief, a Canadian citizen.  Constand was the plaintiff in Constand v. Cosby, Civ. A. No. 2:05-cv-01099 (E.D. Pa.), and Constand v. Singer et al., Civ. A. No. 2:06-cv-00483 (E.D. Pa.).  Constand was a signatory and party to the 2006 Confidential Settlement Agreement.

11.      Defendant Gianna Constand is an individual and, on information and belief, a Canadian citizen.  Gianna Constand is the mother of Andrea Constand and was a signatory and party to the 2006 Confidential Settlement Agreement.  At all relevant times, Gianna Constand acted as an authorized agent of Andrea Constand.  Plaintiff is informed and believes, and thereupon alleges that Andrea Constand ratified all of Gianna Constand's actions alleged herein.

12.      At all relevant times, Defendants Troiani and Kivitz acted as authorized agents of Andrea and Gianna Constand.  Plaintiff is informed and believes, and thereupon alleges that Andrea and Gianna Constand ratified all of Troiani and Kivitz's actions alleged herein.

3

## JURISDICTION

13.     Jurisdiction is proper in this Court pursuant to 28 USC § 1332 and U.S. Const. art. III, § 2, cl. 1.  This action is between citizens of different states, and citizens of a foreign state. The amount in controversy exceeds $75,000.

## VENUE

14.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, because transactions and/or occurrences out of which this cause of action arose took place in Eastern District of Pennsylvania.

15.     Additionally, all parties in this action consented "to personal jurisdiction and venue in the United States District Court for the Eastern District of Pennsylvania in any proceeding to enforce this Confidential Settlement Agreement and General Release and agree that the United States District Court for the Eastern District of Pennsylvania shall be the exclusive forum for any such proceeding."  2006 Confidential Settlement Agreement, ¶ 29.

## FACTUAL ALLEGATIONS

### Defendants Sign the 2006 Confidential Settlement Agreement

16.     Eleven years ago, in early 2005, Defendant Andrea Constand, a citizen of Canada, claimed that Mr. Cosby had sexually assaulted her in early 2004 in Pennsylvania.  Within days of making the allegations, she and her family gave numerous interviews to the news media, including *National Enquirer*, a publication of Defendant American Media.

17.     On February 17, 2005, approximately one month after Andrea Constand first made her allegations against Mr. Cosby, the Montgomery County District Attorney announced that he would not pursue any criminal charges against Mr. Cosby stemming from the alleged events because "insufficient, credible, and admissible evidence exists upon which any charge against Mr. Cosby could be sustained."

4

18.     Three weeks later, in March 2005, Andrea Constand, represented by defendants Troiani and Kivitz, filed a civil lawsuit against Mr. Cosby in the United States District Court for the Eastern District of Pennsylvania, asserting claims for assault and defamation in connection with the same alleged sexual encounter with Mr. Cosby.

19.     In 2006, Andrea Constand, again represented by Troiani and Kivitz, filed a separate lawsuit against attorney Martin Singer and the *National Enquirer*—a publication of Defendant American Media, Inc.—in the United States District Court for the Eastern District of Pennsylvania, asserting claims for defamation and invasion of privacy, again arising out of the same allegations against Mr. Cosby.

20.     In October 2006, both lawsuits, along with other disputes among the parties, were resolved pursuant to a Confidential Settlement Agreement.  To effectuate the settlement, on October 16, 2006, Andrea Constand, Mr. Cosby, Martin D. Singer, American Media, Inc., Gianna Constand, Andrew Constand, Bebe Kivitz, and Dolores Troiani, and each of them, executed and mutually assented to the Confidential Settlement Agreement.  The agreement was a final and binding agreement on all the parties.

21.     In executing the 2006 Confidential Settlement Agreement, Defendant American Media acknowledged it was acting as the publisher of the *National Enquirer*, which was a named defendant in the Underlying Litigations.

### Relevant Terms of the 2006 Confidential Settlement Agreement

22.     In the 2006 Confidential Settlement Agreement, all parties agreed to a full and complete settlement and general release of all claims in exchange for, among other things, financial consideration and mutual promises to keep information concerning the Underlying Litigations—including all events and allegations upon which the Underlying Litigations were based—confidential.

23.     All parties—including Mr. Cosby and each Defendant—expressly agreed that
they collectively had "interests in not permitting others (a) to know (i) the outcome or the
underlying facts of the LITIGATION, or (ii) the terms of this Confidential Settlement Agreement
and General Release, (b) to learn more about CONSTAND's allegations or their defenses other
than what is already a matter of public record, via their pleadings, or published press reports
(c) to learn the information gathered and generated in the course of discovery in the
LITIGATION, or (d) to gain access to the motions and briefs currently filed under seal in the
LITIGATION.  They also acknowledge that CONSTAND, COSBY, SINGER, and AMERICAN
MEDIA enter into this Confidential Settlement Agreement and General Release to protect those
interests." 2006 Confidential Settlement Agreement, ¶ 14.

24.     All parties, including Defendants American Media, Andrea Constand, Troiani,
Kivitz and Gianna Constand, agreed "not to disclose to anyone, via written or oral
communication or by disclosing a document, in private or public, any aspect of this
LITIGATION, including, but not limited to:

      a.     the events or allegations upon which the LITIGATION was based;

      b.     allegations made about [Mr. Cosby] or [Andrea Constand] by other
persons;

      c.     the information that they learned during the criminal investigation of [Mr.
Cosby] or discovery in the LITIGATION, including, but not limited to,
allegations made by other women concerning [Mr. Cosby], the content of
the Montgomery County District Attorney's and the Cheltenham
Township Police Department's files from the criminal investigation of
[Mr. Cosby], and the content of [Mr. Cosby] and [Andrea Constand]'s

6

depositions in the LITIGATION, and information about [Mr. Cosby]

and/or [Andrea Constand] gathered by their agents."

2006 Confidential Settlement Agreement, ¶ 14.

25.    Moreover, all parties, including all Defendants herein, promised "not to write or

to publish, or to cause, authorize or help anyone to write or to publish, any account of the

information described in and covered by" the above provisions or to "make any public

appearance or give any interviews concerning the information described in and covered by" the

above provisions.  2006 Confidential Settlement Agreement, ¶ 14.

26.    The parties also agreed that "the confidentiality provisions … are a material

inducement to each of the parties hereto to enter this Confidential Settlement Agreement and

General Release" and that should any party "violate any of the confidentiality provisions … no

amount of monetary relief could repair the harm."  2006 Confidential Settlement Agreement, ¶

17.

27.    The parties agreed that, in the event of a breach or a threatened breach of the

confidentiality provisions of the Confidential Settlement Agreement, the injured party "shall be

entitled to injunctive relief to prevent and/or mitigate any such violation, and to such other

equitable and/or legal relief as may be appropriate."  *Id.*

28.    Although the parties exchanged mutual releases, all parties, including Plaintiff,

expressly did "not release any claims to enforce this Confidential Settlement Agreement and

General Release."  2006 Confidential Settlement Agreement, ¶ 9.

### American Media Breaches the 2006 Confidential Settlement Agreement

29.    American Media, including through its publication, *National Enquirer*, has clearly

and repeatedly breached the 2006 Confidential Settlement Agreement by publishing numerous

stories about the events and allegations upon which the Underlying Litigations were based,

7

including but not limited to allegations made by Andrea Constand and "allegations made about [Mr. Cosby] by other persons."

30.     American Media's breaches of the 2006 Confidential Settlement Agreement are too voluminous to comprehensively enumerate here, but the following are representative examples.

31.     On January 6, 2016, the *National Enquirer* published an article entitled, "World Exclusive: Bill Cosby Will Die in Jail." In the article, the *National Enquirer* purported to include "a bomb-shell world exclusive" interview with Andrea Constand. In the interview contained in the article, Constand repeats the allegations upon which the Underlying Litigations were based. The article also describes the contents of Mr. Cosby's 2005 deposition from the Underlying Litigations.

32.     On January 4, 2016, the *National Enquirer* published an article entitled "Saved By the Bell Star Accuses Bill Cosby, Martin Lawrence, and John Travolta of Abuse" on its website. The article publishes erroneous descriptions of Mr. Cosby's 2005 deposition testimony from the Underlying Litigations.

33.     On July 22, 2015, the *National Enquirer* published an article entitled "99 Victims in 43 Years for Bill Cosby!" on its website. The article reports that Mr. Cosby "saw his fate sealed after bombshell admissions from a 2005 deposition were made public July 6." The article describes the content of Mr. Cosby's deposition in the Underlying Litigations, and discusses other details of the Underlying Litigations, including noting that "that civil case was settled," a reference to the agreement American Media itself entered into. The article goes on to describe allegations of sexual assault asserted by other individuals against Mr. Cosby.

8

34.     On August 12, 2015, the *National Enquirer* published an article entitled "Bill Cosby's Sickening Attacks Behind The Scenes Of 'The Cosby Show,'" on its website. The article discusses the contents of Mr. Cosby's 2005 deposition in the Underlying Litigations and also describes allegations asserted by other individuals against Mr. Cosby.

35.     On December 1, 2014, the *National Enquirer* published an article entitled "Meet the Cosby Accusers!" on its website. The article discusses allegations made by women against Mr. Cosby, including allegations asserted by Andrea Constand in the Underlying Litigations.

36.     American Media published these and other stories about Mr. Cosby with full knowledge that doing so violated the express terms of the 2006 Confidential Settlement Agreement, to which America Media was a party and signatory.

37.     Each of the above articles violates multiple provisions of the 2006 Confidential Settlement Agreement, including, but not limited to, American Media's contractual obligation "not to disclose to anyone, via written [] communication" the "events or allegations upon which the LITIGATION was based," its obligations not to disclose "the content of COSBY's and CONSTAND's depositions," its obligations not to disclose "allegations made about COSBY… by other persons," and its obligation "not to write or to publish, or to cause, authorize or help anyone to write or to publish, any account of the information described in and covered by paragraph 14(A)." 2006 Confidential Settlement Agreement, ¶ 14(B).

38.     The sheer volume of stories published by American Media regarding matters that are plainly covered under the 2006 Confidential Settlement Agreement evinces an outrageous, willful, and reckless indifference to American Media's contractual obligations under the 2006 Confidential Settlement Agreement.

39.     As detailed in part above, American Media has engaged in behavior that can only

be characterized as an absolute and unequivocal refusal to perform its material obligations under

the 2006 Confidential Settlement Agreement.

40.     As a result of American Media's breaches of the 2006 Confidential Settlement

Agreement, Mr. Cosby has suffered both serious and irreparable harm that cannot be cured by

money damages, and also has suffered substantial monetary damages, in an amount to be proven

at trial.

## Troiani Breaches the 2006 Confidential Settlement Agreement

41.     Defendant Troiani also has repeatedly breached the 2006 Confidential Settlement

Agreement. Troiani's breaches are too voluminous to comprehensively enumerate here, but the

following are representative examples.

42.     In July 2015, the Montgomery County District Attorney re-opened the criminal

investigation of Mr. Cosby related to the allegations made by Andrea Constand.

43.     As part of its investigation, the District Attorney requested from Troiani copies of

all Troiani's files related to Constand's civil action against Mr. Cosby, including deposition

transcripts.

44.     Despite being under no legal obligation to furnish her files voluntarily to the

District Attorney and despite being expressly prohibited from doing so by the terms of the 2006

Confidential Settlement Agreement, Troiani turned her files over to the District Attorney,

without any notice to Mr. Cosby. On information and belief, Troiani also informed the District

Attorney of the contents of the 2006 Confidential Settlement Agreement, including the contents

of Paragraph 14(C), while under no legal obligation to do so.

45.     These actions materially breached the Confidential Settlement Agreement. Under

the terms of the Confidential Settlement Agreement, Troiani agreed "not to disclose to anyone,

10

via written or oral communication or by disclosing a document, in private or public, any aspect

of this LITIGATION, including the events or allegations upon which the LITIGATION was

based…the information that they learned during the criminal investigation of COSBY or

discovery in the content of COSBY's and CONSTAND's depositions in the LITIGATION, and

information about COSBY and/or CONSTAND gathered by their agents." 2006 Confidential

Settlement Agreement, ¶ 14(B).  She also agreed "not to disclose this Confidential Settlement

Agreement . . . or any of its terms or conditions . . . ."  *Id.*, ¶ 14(C).  Troiani's actions, described

above, materially breached each of these terms.

46.      In October 2015, Troiani publicly stated that if Bruce Castor was elected as

District Attorney, she and Andrea Constand would ***not*** voluntarily cooperate with the authorities

in any investigation of Andrea Constand's allegations against Mr. Cosby.  "I don't know how she

could possibly cooperate with him," Troiani stated.  Troiani's statements confirm that her and

her client's cooperation with the District Attorney has been entirely voluntary, in breach of the

2006 Confidential Settlement Agreement.

47.      As discussed more fully below, both Andrea and Gianna Constand, Canadian

citizens who are outside the Montgomery County District Attorney's jurisdiction, also

voluntarily cooperated with the re-investigation and disclosed information relating to the

Underlying Litigations.  On information and belief, Troiani and Kivitz, as attorneys and agents

for Andrea Constand, coordinated, assisted, and facilitated Andrea and Gianna Constand's

voluntary interviews with the District Attorney's investigators, in knowing violation of the 2006

Confidential Settlement Agreement.

11

**The Full Transcript of Mr. Cosby's 2005 Deposition Is Leaked to the Press**

48.     On July 6, 2015, the United States District Court for the Eastern District of
Pennsylvania ordered a number of documents filed in Constand v. Cosby, Civ. A. No. 2:05-cv-
01099 (E.D. Pa.) be unsealed.

49.     The Court did not order that the full transcript of Mr. Cosby's deposition in that
case be unsealed.

50.     Two days after the Court's Order, Troiani filed a motion on behalf of Andrea
Constand to "negate the confidentiality provisions of the settlement agreement." Troiani's
requested relief was designed to nullify the 2006 Confidential Settlement Agreement and allow
her and Andrea Constand to disseminate the full transcript of Mr. Cosby's deposition in the
Underlying Litigations to the press and the public.

51.     While Troiani's motion was still pending and before the court reached a decision,
the Court Reporter for Mr. Cosby's 2005 deposition in the Underlying Litigations, who was
retained by Troiani, Kivitz, and Andrea Constand, released the full transcript of Mr. Cosby's
deposition to numerous news media outlets including the Associated Press and *The New York
Times*.

52.     On July 18, 2015, the *New York Times* reported that it had procured Mr. Cosby's
entire deposition transcript from "a court reporting service."

53.     On July 20, 2015, Troiani's, Kivitz's, and Andrea Constand's Court Reporter,
Kaplan Leaman & Wolfe, wrote to the Court, acknowledging that, without providing any notice
to any party to the 2006 Confidential Settlement Agreement, it had simply released the
deposition to the media.

54.     In the letter, Troiani's, Kivitz's, and Andrea Constand's Court Reporter stated it
had released the transcripts "as a result of being contacted by various news sources … as well as

understanding the motion to intervene and obtain access to documents filed under seal was granted."

55.     On information and belief, the deposition transcript was improperly released because Troiani and Kivitz either instructed the Court Reporter to release it, or knowingly failed to use her best efforts to ensure that her vendors comply with the confidentiality provisions of the 2006 Confidential Settlement Agreement.

56.     These actions violated Troiani's and Kivitz's obligation to "use [their] best efforts to ensure that her respective ... vendors (as applicable) comply with the confidentiality provisions of paragraphs 14 through 21 of this Confidential Settlement Agreement and General Release." 2006 Confidential Settlement Agreement, ¶ 20. Moreover, by authorizing, directing, or allowing the Court Reporter to release the full transcript to numerous media outlets, Troiani, Kivitz, and/or Andrea Constand violated their obligations under the Confidential Settlement Agreement not to "authorize or help anyone to write or to publish, any account of the information described in and covered by paragraph 14(A) above." 2006 Confidential Settlement Agreement, ¶ 14(B).

57.     These breaches resulted in the improper release of the full deposition transcript to the media, causing substantial harm to Mr. Cosby.

### Troiani and Kivitz Make Additional Disclosures In Violation of the Agreement

58.     In July 2015, Defendant Bruce Castor announced his candidacy for Montgomery County District Attorney.

59.     During his campaign, Castor made statements regarding Andrea Constand and the prior investigation of her allegations against Mr. Cosby.

60.     In response to Castor's statements, Andrea Constand sued Castor for Defamation Per Se and False Light/Invasion of Privacy, filing a publicly-available Complaint in the United

13

States District Court for the Eastern District of Pennsylvania on October 26, 2015.  The

Complaint includes information required to be kept confidential under the 2006 Confidential

Settlement Agreement, including but not limited to a description of the events and allegations

upon with the Underlying Litigations were based.

61.     Troiani and Kivitz represent Constand in that lawsuit. On information and belief,

Troiani and Kivitz prepared, filed, and signed the Complaint on Constand's behalf.

62.     In addition to filing the Complaint, Troiani and Kivitz drafted and sent an "Open

Letter to Bruce Castor" to the *Philadelphia Inquirer*.  In the letter, Troiani and Kivitz discussed

details of the Underlying Litigations, including the decision to not prosecute Mr. Cosby.  On

information and belief, Troiani sent the letter directly to the *Philadelphia Inquirer* to increase the

visibility of the litigation and to cause the publication of its contents.

63.     In sending this letter directly to the *Philadelphia Inquirer*, Troiani and Kivitz

violated their obligations under the 2006 Confidential Settlement Agreement, including

Paragraphs 14(A), 14(B), and 14(C).

64.     Troiani and Kivitz's breaches of the 2006 Confidential Settlement Agreement

caused Mr. Cosby to suffer serious and irreparable harm that cannot be cured by money damages

and also have caused him to suffer substantial monetary damages, in an amount to be proven at

trial.

### Gianna Constand Breaches the 2006 Confidential Settlement Agreement

65.     Gianna Constand has repeatedly breached the 2006 Confidential Settlement

Agreement.  Gianna Constand's breaches of the 2006 Confidential Settlement Agreement are too

voluminous to comprehensively enumerate here, but the following are representative examples.

66.     From the very beginning, Gianna Constand has actively pursued press and media

coverage of her daughter's accusations against Mr. Cosby.

14

67.     For example, in 2005, Gianna Constand and her husband, Andrew Constand, participated in a lengthy profile with *The Toronto Sun.*  Gianna Constand told reporters that Mr. Cosby and Andrea Constand "were very good friends -- but they were strictly friends. Sometimes people make bad choices and obviously he did."  In the same article, Andy Constand, asked why Andrea Constand reported Mr. Cosby to police more than a year after the alleged encounter, explained that she reported Mr. Cosby because of her massage training.  "They teach about a code of ethics," Andrew Constand said, "She's starting to understand that when you violate a person it's not right."  The story was published in *The Toronto Sun* on January 22, 2005.

68.     As part of the re-opened criminal investigation in 2015, the Montgomery County District Attorney's office contacted and re-interviewed Gianna Constand.

69.     Gianna Constand is a Canadian citizen and is outside of the Montgomery County District Attorney's jurisdiction.  Gianna Constand was under no legal obligation to discuss with the Montgomery County District Attorney the allegations against Mr. Cosby or any other information.

70.     Despite being under no legal obligation to discuss the any aspect of the events and allegations on which Underlying Litigations were based, and despite being expressly prohibited from disclosing such information to anyone, Mrs. Constand volunteered to participate and disclosed such information to the District Attorney and others.

71.     This action by Mrs. Constand materially breached the terms of the 2006 Confidential Settlement Agreement, including but not limited to her obligation "not to disclose to anyone…any aspect of this LITIGATION, including the events or allegations upon which the LITIGATION was based."  2006 Confidential Settlement Agreement, ¶ 14(A).

72.     As a result of Gianna Constand's breaches of the 2006 Confidential Settlement
Agreement, Mr. Cosby has suffered serious and irreparable harm that cannot be cured by money
damages and also has suffered substantial monetary damages, in an amount to be proven at trial.

### Andrea Constand Materially Breaches the Confidential Settlement Agreement

73.     Andrea Constand has repeatedly breached the 2006 Confidential Settlement
Agreement. Andrea Constand's breaches of the 2006 Confidential Settlement Agreement are too
voluminous to comprehensively enumerate here, but the following are representative examples.

74.     As part of the re-opened criminal investigation in 2015, the Montgomery County
District Attorney investigators re-interviewed Andrea Constand concerning the events and
allegations upon which the Underlying Litigations were based.

75.     Andrea Constand is a Canadian citizen and is outside of the Montgomery County
District Attorney's jurisdiction. Thus, Andrea Constand was under no legal obligation to discuss
with the Montgomery County District Attorney the allegations against Mr. Cosby or any other
information.

76.     Andrea Constand was fully aware, based on statements to the press made by her
attorney and due to her status as a Canadian citizen outside the jurisdictional reach of the
Montgomery County District Attorney, that she had no legal obligation to cooperate with
investigators or the District Attorney.   Andrea Constand's cooperation was purely voluntary.

77.     In October 2015, Andrea Constand's attorney confirmed that her and her client's
cooperation was entirely voluntary, stating that if Bruce Castor was elected as District Attorney,
she and Andrea Constand would *not* voluntarily cooperate with the authorities. "I don't know
how she could possibly cooperate with him," Troiani stated.

78.     Despite being under no legal obligation to discuss the any aspect of the events and
allegations on which Underlying Litigations were based, and despite being expressly prohibited

16

from disclosing such information to anyone, Andrea Constand volunteered to participate and disclosed such information to the District Attorney and others.

79.     These actions by Andrea Constand materially breached the terms of the 2006 Confidential Settlement Agreement, including but not limited to her obligation "not to disclose to anyone…any aspect of this LITIGATION, including the events or allegations upon which the LITIGATION was based." 2006 Confidential Settlement Agreement, ¶ 14(A).

80.     Andrea Constand also has made statements on social media and to the press regarding the Underlying Litigations, in violation of the 2006 Confidential Settlement Agreement.

81.     On February 13, 2014, Andrea Constand tweeted, in response to an article that was published about the Underlying Litigations, "I won't go away, there is a lot more I will say."

82.     On March 2, 2014, Andrea Constand tweeted about the Underlying Litigations, "It's not that everybody just forgot about it, truth is nobody cared..."

83.     In July 2015, Andrea Constand gave an interview with the *Toronto Sun* about the Underlying Litigations, described in the article as "her heavy ordeal involving Bill Cosby." In the article, Andrea Constand commented on the public attention regarding allegations against Mr. Cosby. She also disclosed terms and provisions of the 2006 Confidential Settlement Agreement, stating that she had confidentiality obligations under the 2006 Settlement Agreement while insisting that "there is so much more to say" about the Underlying Litigations. The article also included details from Andrea Constand's allegations and the contents of Mr. Cosby's 2005 deposition transcript.

84.     By making public comments about the Underlying Litigations, both on social media and to the *Toronto Sun*, and assisting in the publication of such comments, Andrea

17

Constand breached her obligations under the Confidential Settlement Agreement, including but not limited to her obligation "not to disclose to anyone, via written or oral communication or by disclosing a document…any aspect of this LITIGATION." 2006 Confidential Settlement Agreement, ¶ 14(A).

85.     Moreover, by making public comments about the Underlying Litigations, and voluntarily participating in an interview with the *Toronto Sun* about the Underlying Litigations, Andrea Constand violated her obligations under the Confidential Settlement Agreement, including but not limited to her obligation not to "authorize or help anyone to write or to publish, any account of the information described in and covered by paragraph 14(A) above." 2006 Confidential Settlement Agreement, ¶ 14(B).

86.     Andrea Constand's repeated breaches of the 2006 Confidential Settlement Agreement caused Mr. Cosby to suffer serious and irreparable harm that cannot be cured by money damages, and also caused him to suffer substantial monetary damages, in an amount to be proven at trial.

**Troiani Induces Andrea Constand to Breach the Confidential Settlement Agreement**

87.     As detailed herein, Troiani was, at all relevant times, attorney for Andrea Constand.

88.     On information and belief, Troiani represented and advised Andrea and Gianna Constand during the District Attorney's investigation of Mr. Cosby.

89.     On information and belief, Andrea Constand cooperated with the District Attorney and sat for a re-interview in which she discussed the events and allegations upon which the Underlying Litigations were based after being induced to do so on the advice and recommendation of Troiani.

18

90.     Troiani authorized and/or encouraged her client, Andrea Constand, to speak with the District Attorney concerning the events and allegations upon which the Underlying Litigations were based.

91.     Troiani acted with improper self interest, malice, and bad faith when inducing Andrea Constand to breach the 2006 Confidential Settlement Agreement by sitting for a re-interview with the District Attorney.  On information and belief, Troiani's inducement of this breach by Andrea Constand was also motivated by her self-interested desire for fame and publicity.

92.     As a result of Andrea Constand's breaches of the 2006 Confidential Settlement Agreement, Mr. Cosby has suffered serious and irreparable harm that cannot be cured by money damages and also has suffered substantial monetary damages, in an amount to be proven at trial.

## FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT AGAINST DEFENDANT AMERICAN MEDIA, INC.)

93.     Plaintiff realleges each allegation above as if fully set forth herein.

94.     This count is against Defendant American Media, Inc.

95.     Plaintiff entered into a Confidential Settlement Agreement with American Media.

96.     The Agreement required American Media "not to write or to publish, or to cause, authorize or help anyone to write or to publish, any account of the information" relating to the cases filed by Constand or any allegations made about Mr. Cosby "by other persons."

97.     American Media knowingly breached the Confidential Settlement Agreement with Mr. Cosby by publishing a number of stories in the *National Enquirer* and its other publications, including those disclosed in this Complaint, that refer directly to the lawsuits filed by Constand.

19

98.     Additionally, American Media repudiated the contract by engaging in behavior
that can only be characterized as an absolute and unequivocal refusal to perform its material
obligations under the Confidential Settlement Agreement.

99.     American Media demonstrated absolute and unequivocal refusal to perform its
material obligations in the Confidential Settlement Agreement with Mr. Cosby by publishing a
number of stories in the *National Enquirer* and its other publications, including those disclosed
in this Complaint, that refer directly to the lawsuits filed by Constand and that detail allegations
against Mr. Cosby asserted by others.

100.    As a direct and proximate result of American Media's material breaches of the
Confidential Settlement Agreement, Plaintiff Mr. Cosby has suffered an economic loss and
damages in an amount to be determined at trial, and is entitled to be placed in the same situation
as if the Confidential Settlement Agreement had been fully performed.  Plaintiff seeks all losses
caused by the breach and any necessary equitable relief, as expressly agreed to by American
Media in the Confidential Settlement Agreement.

## SECOND CAUSE OF ACTION
## (BREACH OF CONTRACT AGAINST DEFENDANT TROIANI)

101.    Plaintiff realleges each allegation above as if fully set forth herein.

102.    This count is against Defendant Troiani.

103.    Plaintiff entered into a Confidential Settlement Agreement with Troiani.  The
Agreement required Troiani "not to disclose to anyone, via written or oral communication or by
disclosing a document, in private or public, any aspect of the LITIGATION" including "the
events or allegations upon which the LITIGATION based", "allegations made about Mr. Cosby
[] by other persons," and "the content of COSBY's… depositions."  Moreover, Troiani agreed

20

"not to write or to publish, or to cause, authorize or help anyone to write or to publish, any account of the information" relating to the cases filed by Constand.

104.    The Agreement also required Troiani to "use [her] best efforts to ensure that [her] …vendors (as applicable) comply with the confidentiality provisions" in the Confidential Settlement Agreement.

105.    Troiani knowingly breached the Confidential Settlement Agreement with Mr. Cosby by voluntarily providing her case files, including deposition transcripts, to Montgomery County District Attorney Ferman even though she was under no legal obligation to do so.

106.    Troiani knowingly breached the Confidential Settlement Agreement with Mr. Cosby by instructing, authorizing, or allowing her retained Court Reporter to release the full transcript of Mr. Cosby's deposition in Constand v. Cosby, Civ. A. No. 2:05-cv-01099 (E.D. Pa.), to the Associated Press.

107.    At the very least, Troiani knowingly breached the Confidential Settlement Agreement with Mr. Cosby by failing to use her best efforts to ensure that the Court Reporter complied with the confidentiality provisions of the Agreement.  Troiani did not inform the Court Reporter of the confidentiality provisions, nor did she instruct the Court Reporter that the full deposition transcript was confidential.  This failure to exercise any diligence, let alone "best efforts," was a breach.

108.    Additionally, Troiani filed, on behalf of Andrea Constand, a civil complaint against Bruce Castor that included a description of Andrea Constand's allegations from the Underlying Litigations.  Troiani compounded this by sending an "Open Letter to Bruce Castor" directly to the *Philadelphia Inquirer* with the intent to induce the *Inquirer* to publish a story about the litigation with Castor and the Underlying Litigations.

109.     As a direct and proximate result of Troiani's material breaches of the Confidential

Settlement Agreement, Plaintiff Mr. Cosby has suffered an economic loss and damages in an

amount to be determined at trial, and is entitled to be placed in the same situation as if the

Confidential Settlement Agreement had been fully performed.  Plaintiff seeks all losses caused

by the breach and any necessary equitable relief, as expressly agreed to by Troiani in the

Confidential Settlement Agreement.

## THIRD CAUSE OF ACTION
## (BREACH OF CONTRACT AGAINST DEFENDANT KIVITZ)

110.     Plaintiff realleges each allegation above as if fully set forth herein.

111.     This count is against Defendant Kivitz.

112.     Plaintiff entered into a Confidential Settlement Agreement with Kivitz.  The

Agreement required Kivitz "not to disclose to anyone, via written or oral communication or by

disclosing a document, in private or public, any aspect of the LITIGATION" including "the

events or allegations upon which the LITIGATION based", "allegations made about Mr. Cosby

[] by other persons," and "the content of COSBY's... depositions."  Moreover, Kivitz agreed

"not to write or to publish, or to cause, authorize or help anyone to write or to publish, any

account of the information" relating to the cases filed by Constand.

113.     The Agreement also required Kivitz to "use [her] best efforts to ensure that [her]

...vendors (as applicable) comply with the confidentiality provisions" in the Confidential

Settlement Agreement.

114.     Kivitz knowingly breached the Confidential Settlement Agreement with Mr.

Cosby by instructing, authorizing, or allowing her retained Court Reporter to release the full

transcript of Mr. Cosby's deposition in Constand v. Cosby, Civ. A. No. 2:05-cv-01099 (E.D.

Pa.), to the Associated Press.

22

115.    At the very least, Kivitz knowingly breached the Confidential Settlement
Agreement with Mr. Cosby by failing to use her best efforts to ensure that the Court Reporter
complied with the confidentiality provisions of the Agreement. Kivitz did not inform the Court
Reporter of the confidentiality provisions, nor did she instruct the Court Reporter that the full
deposition transcript was confidential. This failure to exercise any diligence, let alone "best
efforts," was a breach.

116.    Additionally, Kivitz filed, on behalf of Andrea Constand, a civil complaint against
Bruce Castor that included a description of Andrea Constand's allegations from the Underlying
Litigations. Kivitz compounded this by sending an "Open Letter to Bruce Castor" directly to the
*Philadelphia Inquirer* with the intent to induce the *Inquirer* to publish a story about the litigation
with Castor and the Underlying Litigations.

117.    As a direct and proximate result of Kivitz's material breaches of the Confidential
Settlement Agreement, Plaintiff Mr. Cosby has suffered an economic loss and damages in an
amount to be determined at trial, and is entitled to be placed in the same situation as if the
Confidential Settlement Agreement had been fully performed. Plaintiff seeks all losses caused
by the breach and any necessary equitable relief, as expressly agreed to by Kivitz in the
Confidential Settlement Agreement.

**FOURTH CAUSE OF ACTION**
**(BREACH OF CONTRACT AGAINST DEFENDANT GIANNA CONSTAND)**

118.    Plaintiff realleges each allegation above as if fully set forth herein.

119.    This count is against Defendant Gianna Constand.

120.    Plaintiff entered into a Confidential Settlement Agreement with Gianna Constand.

121.    The Agreement required Gianna Constand "not to disclose to anyone, via written
or oral communication or by disclosing a document, in private or public, any aspect of the

LITIGATION" including "the events or allegations upon which the LITIGATION based", "allegations made about Mr. Cosby [] by other persons," and "the content of COSBY's… depositions."

122.   Gianna Constand knowingly breached the Confidential Settlement Agreement with Mr. Cosby by voluntarily participating in a re-interview with the Montgomery County District Attorney's Office even though she was under no legal obligation to do so. Gianna Constand is a Canadian citizen who is outside the jurisdictional reach of the Montgomery County District Attorney's Office, therefore the District Attorney could not have compelled Gianna Constand's cooperation. Gianna Constand was at all times aware of this when she knowingly participated in the re-investigation. In the re-interview, Gianna Constand described a phone call with Mr. Cosby that purportedly occurred in 2005 that was directly related to the civil suit filed by her daughter against Mr. Cosby.

123.   As a direct and proximate result of Gianna Constand's material breaches of the Confidential Settlement Agreement, Plaintiff, Mr. Cosby has suffered an economic loss and damages in an amount to be determined at trial, and is entitled to be placed in the same situation as if the Confidential Settlement Agreement had been fully performed. Plaintiff seeks all losses caused by the breach and any necessary equitable relief, as expressly agreed to by Gianna Constand in the Confidential Settlement Agreement.

## FIFTH CAUSE OF ACTION
### (BREACH OF CONTRACT AGAINST DEFENDANT ANDREA CONSTAND)

124.   Plaintiff realleges each allegation above as if fully set forth herein.

125.   This count is against Defendant Andrea Constand.

126.   Plaintiff entered into a Confidential Settlement Agreement with Andrea Constand.

24

127. The Agreement required Andrea Constand "not to disclose to anyone, via written or oral communication or by disclosing a document, in private or public, any aspect of the LITIGATION" including "the events or allegations upon which the LITIGATION based", "allegations made about Mr. Cosby [] by other persons," and "the content of COSBY's... depositions." Moreover, Andrea Constand agreed "not to write or to publish, or to cause, authorize or help anyone to write or to publish, any account of the information" relating to the cases filed by Constand.

128. Andrea Constand knowingly breached the Confidential Settlement Agreement with Mr. Cosby by voluntarily participating in a re-interview with the Montgomery County District Attorney's Office even though she was under no legal obligation to do so. Andrea Constand is a Canadian citizen who is outside the jurisdictional reach of the Montgomery County District Attorney's Office, therefore the District Attorney could not have compelled Andrea Constand's cooperation. Andrea Constand was at all times aware of this when she knowingly participated in the re-investigation.

129. On information and belief, in the re-interview, Andrea Constand described events that were directly related to her civil suit against Mr. Cosby.

130. Andrea Constand also knowingly breached the Confidential Settlement Agreement with Mr. Cosby by making public comments about the Underlying Litigations and voluntarily participating in an interview with the *Toronto Sun* about the Underlying Litigations. These comments and statements led to and aided the publication of stories relating to the Underlying Litigations.

131. As a direct and proximate result of Andrea Constand's material breaches of the Confidential Settlement Agreement, Plaintiff, Mr. Cosby has suffered an economic loss and

25

damages in an amount to be determined at trial, and is entitled to be placed in the same situation as if the Confidential Settlement Agreement had been fully performed. Plaintiff seeks all losses caused by the breach and any necessary equitable relief, as expressly agreed to by Andrea Constand in the Confidential Settlement Agreement.

## SIXTH CAUSE OF ACTION, IN THE ALTERNATIVE (UNJUST ENRICHMENT AGAINST DEFENDANT ANDREA CONSTAND)

132.    Plaintiff realleges each allegation above as if fully set forth herein.

133.    This count is against Defendant Andrea Constand.

134.    Plaintiff entered into a Confidential Settlement Agreement with Andrea Constand.

135.    As consideration, Plaintiff conferred substantial financial benefit to Andrea Constand.

136.    Andrea Constand accepted and enjoyed the substantial financial benefit conferred by Plaintiff.

137.    Plaintiff conferred the substantial financial benefit with the reasonable expectation and understanding that Andrea Constand not "disclose to anyone, via written or oral communication or by disclosing a document, in private or public, any aspect of [both cases filed by Constand]" including "the events or allegations upon [both cases filed by Constand were] based" and "allegations made about Mr. Cosby [] by other persons."

138.    As detailed above, Andrea and Gianna Constand disclosed significant and numerous aspects of the Underlying Litigations, including by voluntarily participating in re-interviews with the Montgomery County District Attorney's Office even though neither of them was under any legal obligation to do so. Andrea and Gianna Constand are Canadian citizens who are outside the jurisdictional reach of the Montgomery County District Attorney's Office, therefore the District Attorney could not have compelled Andrea and Gianna Constand's

26

cooperation.  Andrea and Gianna Constand were both at all times aware of this.  On information and belief, in the re-interviews, Andrea and Gianna Constand described events and allegations upon which the Underlying Litigations were based.

139.    Andrea Constand also made public comments about the Underlying Litigations and voluntarily participating in an interview with the *Toronto Sun* about the Underlying Litigations.  These comments and statements led to and aided the publication of stories relating to the Underlying Litigations.

140.    Moreover, Andrea Constand's agents, Gianna Constand and Troiani, knowingly disclosed documents and numerous details of the Underlying Litigations, in violation of the 2006 Confidential Settlement Agreement, as detailed above.

141.    Andrea Constand was unjustly enriched and it would be inequitable, unconscionable, and unjust for Andrea Constand to retain the substantial financial benefit conferred by Plaintiff, given that Andrea Constand did not honor her obligations under the 2006 Confidential Settlement Agreement.

142.    Plaintiff is entitled to restitution equaling the value of the benefit conferred to Andrea Constand.

### **PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays for relief and judgment as follows:

   a.    Granting Plaintiff judgment against Defendants on all claims alleged;

   b.    Awarding Plaintiff damages in an amount to be proven at trial, together with pre- and post-judgment interest;

   c.    Awarding Plaintiff equitable relief as mandated by the Confidential Settlement Agreement, including injunctive relief;

  d.  Awarding Plaintiff punitive and/or exemplary damages;

  e.  Awarding Plaintiff attorneys' fees, costs and other expenses; and

  f.  In the alternative, awarding Plaintiff restitution in the form of all payments made by Plaintiff to Defendants as consideration, together with appropriate interest.

  g.  Granting such other and further relief as the Court considers appropriate.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues so triable.

Dated: February 1, 2016

Samuel W. Silver (Pa. Bar No. 56596)
John R. Timmer (Pa. Bar No. 89814)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286
Telephone: (215) 751-2309; 2451
Facsimile: (215) 751-2205

Christopher Tayback
Joseph C. Sarles
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Plaintiff William H. Cosby, Jr.*

28