IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM H. COSBY, JR., : | |
| : | CIVIL ACTION |
| Plaintiff, : | NO. 16-508 |
| : | |
| v. : | |
| : | |
| AMERICAN MEDIA, INC., et al., : | |
| : | |
| Defendants. : | |

**O R D E R**

**AND NOW**, this **15th** day of **July, 2016**, upon consideration of arguments made at a July 1, 2016, hearing and in letters submitted to the Court by all parties on July 11, 2016, it is hereby **ORDERED** that Plaintiff's request for a partial stay of discovery pending the disposition of his criminal proceedings is **DENIED**.[1] A scheduling order follows.

---

[1] Plaintiff initially requested a stay of all discovery as to him (and him alone), see ECF No. 45-1, and then, in his July 11 letter to the Court, amended his request to a stay of only his deposition until further order of the Court. Plaintiff asserts that this requested stay is appropriate because it would prevent him from having to choose between potential prejudice in this civil case, should he assert his Fifth Amendment privilege (and thus run the risk of being subject to an adverse inference), and potential self-incrimination in his criminal case, should he waive his Fifth Amendment privilege here.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). At this

early stage of this case, at least two factors in particular weigh heavily against a stay.

First, as some courts have noted, "[t]he most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." In re Derivative Litig., No. 06-2964, 2007 WL 1101276, at *1 (E.D. Pa. Apr. 11, 2007) (quoting Judge Milton Pollack, Parallel Civil and Criminal Proceedings, 129 F.R.D. 201, 203 (S.D.N.Y. 1989); see also Green v. Cosby, No. 14-30211, 2016 WL 1312011, at *3 (D. Mass. Apr. 4, 2016) (quoting the same source, and granting Cosby a limited stay of discovery in a case with "unique factual similarities" to the allegations in his criminal proceeding, id. at *4). Here, it appears at this time that any overlap is minimal. While it is true that the settlement agreement at issue arose out of a case involving the same alleged conduct for which Cosby now faces criminal charges, the allegations at issue in this case – as well as the legal issues that have been raised thus far – are entirely distinct and concern conduct that occurred nearly a decade after the events at issue in the criminal case. At the least, then, this consideration weighs heavily against a stay – and, at the most, it precludes one.

Second, it is Plaintiff, not any of the Defendants, who seeks a stay. For this reason, this case is immediately distinguishable from the body of cases in which courts have determined whether to grant stays to civil defendants facing parallel criminal proceedings. See, e.g., Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 77-78 (1st Cir. 2004) (setting forth factors for courts to balance in that situation); Golden Quality Ice Cream Co., Inc. v. Deerfield Specialty Papers, Inc., 87 F.R.D. 53, 56 (E.D. Pa. 1980) (same). That body of cases includes Green, where Plaintiff is a defendant and received a limited stay of discovery. Here, in contrast, he was not hauled into court by another party. Instead he initiated this suit himself – more than a month after he received criminal charges, no less, when he would or should have known the potential consequences of pursuing his civil claims. Under these circumstances, Plaintiff's interest in avoiding the choice whether to assert his Fifth Amendment rights does not weigh heavily enough to entitle him to a stay at this time, before it is clear "what percentage, if any, of the questions to be asked by Defendants require an answer protected by the Fifth Amendment." Clark v. Lutcher, 77 F.R.D. 415, 417 (M.D. Pa. 1977) (denying a request for a stay of the plaintiff's deposition, where plaintiff was the party facing parallel criminal proceedings, and noting that the plaintiff could "clearly object to answering any questions which he believes intrude into the protected area").

This is not to say that the balance of interests could never weigh in favor of a stay for a civil plaintiff who faces simultaneous criminal proceedings, or even that the balance could not, at some point, weigh in favor of Plaintiff in the case at hand.

     **AND IT IS SO ORDERED.**


                                            **/s/ Eduardo C. Robreno**
                                            **EDUARDO C. ROBRENO, J.**

---

Depending upon the lines of inquiry Defendants pursue during Plaintiff's deposition, it is possible that the balance may later be tipped in favor of a stay.

    Additionally, the Court notes – without expressing any opinion on any particular issues that may arise in this case – that the potential prejudice Plaintiff would suffer if he invoked his Fifth Amendment rights in this civil case is not automatic, as the adverse inference is permissive, not mandatory, and applies where parties "refuse to testify in response to <u>probative</u> evidence offered against them." <u>Baxter v. Palmigiano</u>, 425 U.S. 308, 318 (1976) (emphasis added). (Another form of potential prejudice was identified in <u>Green</u> – that invoking the privilege "prevents the defendant 'from adequately defending his position,'" 2016 WL 1312011, at *7 (quoting <u>Volmar Distribs., Inc. v. N.Y. Post Co., Inc.</u>, 152 F.R.D. 36, 39 (S.D.N.Y. 1993)) – but it is not relevant here, where the party seeking a stay is the plaintiff.)